IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA A. SELL, individually and a Trustee of the Nancy A. Muhs Trust,<br><br>        Plaintiff,<br><br>  v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY and DOES 1 through 10, inclusive,<br><br>        Defendant. | 2:09-cv-01584-GEB-GGH<br><br><u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION</u>[*] |

Defendant National Mutual Insurance Company ("National") moves for summary judgment on Plaintiff Wanda A. Sell's ("Sell") breach of contract and breach of the implied covenant of good faith and fair dealing claims, and on Sell's request for punitive damages. These claims concern an insurance coverage dispute between Sell and National.

## I. Legal Standard

A party seeking summary judgment bears the initial burden of demonstrating that there is no genuine issue as to any material fact concerning issues on which summary judgment is sought. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If this burden is satisfied, "the non-moving party must set forth, by affidavit or as otherwise provided

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

in [Federal] Rule [of Civil Procedure] 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quotations and citation omitted)(emphasis omitted). Defendant "must either produce evidence negating an essential element of the [plaintiff's claim] or show that the [plaintiff] does not have enough evidence of an essential element to carry [her] ultimate burden of persuasion at trial." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000)(citations omitted). "Where disputed issues of material fact exist, we assume the version of the material facts asserted by the non-moving party. All reasonable inferences must be drawn in favor of the non-moving party." Bryan v. McPherson, 608 F.3d 614, 619 (9th Cir. 2010)(citations omitted).

Since jurisdiction over this action is based on diversity, "California law is the governing substantive law." See Burns v. Int'l Ins. Co., 929 F.2d 1422, 1424 (9th Cir. 1991) ("Where a federal court has jurisdiction by virtue of diversity of citizenship of the parties, the court must follow state law."). Under California law governing insurance coverage:

> Determination of the duty to defend depends, in the first instance, on a comparison between the allegations of the [third-party] complaint and the terms of the policy. But the duty also exists where extrinsic facts known to the insurer suggest that the claim may be covered.

Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 654 (2005) (citation omitted). "Conversely, where the extrinsic facts eliminate the potential for coverage, the insurer may decline to defend even where the bare allegations in the complaint suggest potential liability." Food Pro Int'l Inc. v. Farmers Ins. Exch., 169 Cal. App. 4th 976, 986 (2008)

(quotation and citations omitted). "Any doubt as to whether the facts give rise to a duty to defend is *resolved in the insured's favor*." Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 1081 (1993) (emphasis added). Further, an insurer moving for summary judgment "'must establish *the absence of any . . . potential*' for coverage, i.e., that the underlying complaint '*can by no conceivable theory raise a single issue which could bring it within the policy coverage*.'" Cunningham v. Univ. Underwriters, 98 Cal. App. 4th 1141, 1147 (2002) (citing Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 300 (1993)) (emphasis in original).

## II. Summary Judgment Factual Record

Sell "is a trustee and beneficiary under the Trust of Nancy A. Muhs ("Trust")." (Def.'s SUF ¶ 6.) The Trust corpus includes real property located at 13091 Willow Glen Road, Stockton, California (the "Property"). Id. ¶ 7. As a beneficiary, Sell was entitled to reside at the Property and to eventually own the Property free of the Trust if she complied with certain Trust terms. Id. Specifically, the Trust terms state before Sell could own the Property, Plaintiff had to "commence residing on the [Property] within ninety days of being offered possession," and to reside and maintain her principal residence at the Property for a "five year period . . . ." Id. The Trust also states: "[i]n the event that [Sell] fails to commence residing on the [Property] within ninety days of being offered possession, or vacates the residence prior to the expiration of the five year period, then and in either of such events, [Sell's] rights . . . shall cease and terminate . . . ." Id. A subsequent beneficiary would then have the right to reside at the Property and eventually take sole ownership upon meeting the same conditions. Id.

One of the subsequent beneficiaries listed in the trust named Rigoberto Ocegueda argues Sell has not satisfied the occupancy condition precedent. Ocegueda "filed a Petition for Order against [Sell] in San Joaquin County Superior Court" in March of 2007, in which he alleges: "(1) [Sell] had the right to possession and control of the Property since June 26, 2005," but never occupied the Property as her residence; (2) "on December 26, 2006, [Ocegueda], as a residual beneficiary under the Trust, demanded to be provided possession of the Property; (3) after [Ocegueda's] demand to occupy the premises, [Sell] responded that she was going to occupy the Property and not allow [Ocegueda] to reside on the Property; (4)[Ocegueda] sought an order that [Sell] provide him possession and control of the Property and allow him to occupy it, and for an accounting of rent proceeds from the property as to which he alleged he would be entitled, as the beneficiary entitled to occupy, possess and reside on the property." Id. ¶¶ 8,9; (Def.'s Req. for Judicial Notice in Supp. of its Mot. for Summ. J. ("Def.'s Judicial Notice") Ex. 6B.)

On March 16, 2007, Sell tendered defense of Ocegueda's Petition to National, which insured the Property under a Farmowner's Policy ("Policy"). (Def.'s SUF ¶¶ 1, 17.) The insurance coverage dispute concerns two provisions in the Policy. The first provision covers "personal and advertising injury." Id. ¶ 3. The policy definition of "personal and advertising injury" includes "[t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupation of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; . . ." Id. The second provision concerns property damage caused by an "occurrence," which is defined in the policy as an "accident." Id.

4

"On April 11, 2007, [National] issued a written denial" of Sell's tendered claim. Id. ¶ 19. Sell requested reconsideration of the denial on April 17, 2007. Id. ¶ 20. National reasserted its denial of coverage on April 27, 2007. Id. ¶ 25.

## III. Discussion

**A. Breach of Contract**

National argues it did not owe Sell a duty to defend under the personal and advertising injury provision and, therefore, cannot be liable for breach of contract based on not defending under this provision. National's argument is premised on the meaning of the word "occupies" in the phrase: "The wrongful eviction from, wrongful entry into, or invasion of the right of private occupation of a room, dwelling or premises that a person *occupies* . . . ." (Emphasis added). National contends the word "occupies" unambiguously means a claimant must have *actual* possession and control of property, and since the evidence does not establish that Ocegueda actually possessed and controlled the Property, Sell's tendered claim is not potentially covered.

However, National has not shown that its argued definition of the word "occupies" is consistent with how some California courts have construed this word in similar phrases. Courts have construed the "wrongful entry or eviction . . . offense [phrase] as applying to tort claims arising out of the interference with an *interest* in real property . . . ." Zelda, Inc. V. Northland Ins. Co., 56 Cal. App. 4th 1252, 1264 (1997) (citing Gen. Accident Ins. Co. v. West Am. Ins. Co. (1996) 42 Cal. App. 4th 95, 103 (1996)) (emphasis added). For instance, Zelda indicates "that the wrongfulness of the ejection must consist in, or attach to, an invasion of the right of occupation." Id. at 1265. General Accident states: "provid[ing] coverage for injury arising out of

wrongful entry or eviction, or other invasion of the right of private occupancy" is a phrase "adopted by the insurance industry as part of the standard broad form comprehensive general liability endorsement, [and] has been construed as applying to tort claims arising out of the interference with an interest in real property." Gen. Accident Ins. Co., 42 Cal. App. 4th at 103. This authority suggests that Ocegueda's actual possession and control is not required before National owes Sell a duty to defend under the disputed provision.

Therefore, National has not shown that no potential for coverage exists under the personal and advertising injury provision of the Policy. Accordingly, National's request for summary judgment on Sell's breach of contract claim is denied.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing**

National also seeks summary judgment on Sell's breach of the implied covenant of good faith and fair dealing claim. "[E]very insurance policy contains an implied covenant of good faith and fair dealing that neither party will do anything to injure the other party's right to receive the benefits of the agreement." Campbell v. Superior Court, 44 Cal. App. 4th 1208, 1319 (1996). "The mistaken withholding of policy benefits, if reasonable or if based on a legitimate dispute as to the insurer's liability under California law, does not expose the insurer to bad faith liability." Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1280-81 (1994). This rule is known as the "genuine issue rule." See Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1161. "Although summary judgment may be awarded under the genuine issue rule where the insurer reasonably construes ambiguous language in its policy, summary judgment is not appropriate when the insurer's interpretation of the policy is sufficiently arbitrary or unreasonable

that a jury could conclude it was adopted in bad faith." Id. at 1162 (internal citations and quotations omitted).

### 1. Personal and Advertising Injury Provision

Neither party has cited a case factually similar to this matter in which a third-party claimed the right to possession and control of property in the situation where the third-party does not occupy the property. National relies on the genuine issue rule as support for its argument that it did not deny Sell coverage under the personal and advertising injury provision in bad faith. Phrases similar to "invasion of the right of private occupation" in the provision sub judice have been held ambiguous because they are "subject to more than one reasonable interpretation." See Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp., --- F. Supp. 2d ----, 2010 WL 2891250 at *5 (E.D. Cal. 2010) (citing Martin Marietta Corp. v. Ins. Co. of N. Am., 40 Cal. App. 4th 1113, 1134 (1995)). Additionally, Sell has not argued or cited to any evidence showing that National's interpretation of the personal and advertising injury provision was arbitrary or unreasonable. Therefore, National was not arbitrary or unreasonable in its interpretation of the policy as requiring Ocegueda to have actual possession and control of the property. See Franceschi v. American Motorists Ins. Co., 852 F.2d 1217, 1220 (9th Cir. 1988) (finding insurer's incorrect interpretation of the term "medical treatment" was reasonable since term was ambiguous and not defined in insurance policy); c.f. Amadeo, 290 F.3d at 1162-63 (finding insurer's interpretation of phrase "duties of your regular occupation in which you were engaged" was not reasonable when insurer included "unemployment" as being an occupation in which a party was engaged).

However, Sell argues that National's failure to properly investigate her claim constitutes bad faith. An insurer need not engage in additional investigation of a tendered claim if its initial decision denying coverage was based on a reasonable interpretation of a policy. Brinderson - Newberg Joint Venture v. Pac. Erectors, Inc., 971 F.2d 272, 282-83 (9th Cir. 1992). Since National's denial of coverage under the personal and advertising injury provision was based on a reasonable interpretation of the policy and on evidence Sell provided, Sell does not prevail on this issue.

### 2. Property Damage Provision

Further, National argues it cannot be found to have acted in bad faith in denying coverage to Sell under the property damage provision because it owed no coverage to Sell under this provision. "It is clear that if there is no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 36 (1995).

The basis of National's argument is that the circumstances giving rise to Ocegueda's claim against Sell do not constitute an "accident" and, therefore, are not an "occurrence" under the property damage provision. Under California law, an accident is defined as "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." Delgado v. Interinsurance Exch. of Auto. Club of S. California, 47 Cal. 4th 302, 308 (2009) (quotations and citations omitted). Under this definition, "where the insured intended all of the acts that resulted in the victim's injury, the event may not

8

be deemed an 'accident' merely because the insured did not intend to cause injury." Merced Mut. Ins. Co. v. Mendez, 213 Cal. App. 3d 41, 50 (1989).

Here, the factual record contains no evidence showing an "accident" is involved with Ocegueda's claim. Since no "accident" was involved, Sell does not have coverage under this provision of the policy, and this provision cannot be a basis for finding National liable for acting in bad faith in denying coverage.

Since National has shown it did not act in bad faith in denying Sell coverage under either the personal and advertising injury provision or the property damage provision of the Policy, "punitive damages are unavailable." Am. Gas Co. of Reading, Pennsylvania v. Krieger, 181 F.3d 1113, 1123 (9th Cir. 1999).

### IV. Conclusion

For the stated reasons, National's motion for summary judgment is denied on Sell's breach of contract claim, and granted on Sell's breach of the implied covenant of good faith and fair dealing claim and request for punitive damages.

Dated: November 16, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge