IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
WANDA A. SELL, individually and  )
a Trustee of the Nancy A. Muhs   )   2:09-cv-01584-GEB-GGH
Trust,                           )
                                 )
          Plaintiff,             )   ORDER GRANTING SUMMARY
                                 )   JUDGMENT IN FAVOR OF
     v.                          )   DEFENDANT
                                 )
NATIONWIDE MUTUAL INSURANCE      )
COMPANY and DOES 1 through 10,   )
inclusive,                       )
                                 )
          Defendant.             )
_____)
```

After the parties filed their Joint Pretrial Statement, they were directed to brief the remaining breach of contract issue in this case. Oral argument was held on the sua sponte scheduled summary judgment motion on January 24, 2011. See Portsmouth Square Inc. v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating a court may sua sponte decide summary judgment if each party was "afforded a full and fair opportunity to make its case").

This matter concerns an insurance coverage dispute between Plaintiff Wanda A Sell ("Sell") and Defendant Nationwide Mutual Insurance Company ("Nationwide"). The dispute concerns the following "personal and advertising injury" provision in a policy Nationwide issued on real property located at 13091 Willow Glen Road, Stockton, California (the "Property"): "'Personal and advertising Injury' means injury . . . arising out of one or more of the following offenses:

1

1  . . . The wrongful eviction from, wrongful entry into, or invasion of
2  the right of private occupation of a room, dwelling or premises that a
3  person occupies, committed by or on behalf of its owner, landlord or
4  lessor."

## I. Legal Standard

Under California insurance coverage law, an insurer "must defend a suit which potentially seeks damages within the coverage of the policy." Montrose Chemical Corp. v. Superior Court, 6 Cal. 4th 287, 295 (1993). The insured "has the burden to show a claim falls within the scope of basic coverage." Am. Star Ins. Co. v. Ins. Co. of the West, 232 Cal. App. 3d 1320, 1325 (1991). "[I]f, as a matter of law, neither the [third-party] complaint nor the known extrinsic facts indicate any basis for potential coverage, the duty to defend does not arise in the first instance." Scottsdale Ins. Co. v. MV Transp., 36 Cal. 4th 643, 655 (2005).

"[I]nterpretation of an insurance policy is a question of law." Waller v. Truck Ins. Exch., Inc., 11 Cal. 4th 1, 18 (1995). "Insurance policies are construed under the same rules that govern the interpretation of other contracts." St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co., 111 Cal. App. 4th 1234, 1243 (2003). "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation." Waller, 11 Cal. 4th at 18. "Such intention of the parties is to be ascertained from the 'clear and explicit' language of the contract." St. Paul Fire and Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co., 101 Cal. App. 4th 1038, 1048 (2002) (quoting CAL. CIV. CODE §§ 1638-39). "[U]nless given some special meaning by the parties, the words of a contract are to be understood in their 'ordinary and popular sense.'"

Id. (quoting CAL. CIV. CODE § 1644). "Coverage provisions must be construed in the context of the policy as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract." St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co., 111 Cal. App. 4th at 1243 (internal quotation marks omitted). "An interpretation of the policy that creates an ambiguity where none existed by rendering words redundant or superfluous violates all rules of construction." Mirpad, LLC v. California Ins. Guarantee Assn., 132 Cal. App. 4th 1058, 1073 (2005).

## II. Background

The dispute concerns Nationwide's refusal to accept Sell's tender of defense of a "Petition for Order", which a third-party claimant named Rigoberto Ocegueda filed against Sell in San Joaquin County Superior Court in California, in March of 2007. Ocegueda alleged in that Petition: "[Sell] had the right to possession and had control" of the Property but never occupied the Property as her residence; "[Ocegueda] demanded to be provided possession of the [Propertyunder provisions in a trust];" and "[a]fter [Ocegueda's] demand to occupy the [Property], [Sell] responded that she was going to occupy the [Property] and not allow [Ocegueda to] reside on the [Property]." (Def.'s Req. for Judicial Notice in Supp. of Mem. of P. & A. Regarding Policy Interpretation ("Def.'s RJN") 354-55, at ¶¶ 7-10.) Ocegueda's Petition sought "an order . . . to compel [Sell] to provide him with possession and control of [the Property] and allow him to occupy it." Id. 355, at ¶ 11.

The parties' dispute whether the phrase "that a person occupies" in the personal and advertising injury provision requires third-party claimant Ocegueda to actually occupy the Property as a

1 condition precedent to coverage under this provision of the policy.
2 Neither Ocegueda's state court Petition nor the known extrinsic facts
3 indicate Ocegueda ever occupied the Property.

### III. Discussion

Sell argues the personal and advertising injury provision does not require Ocegueda to occupy the Property before Nationwide is required to defend Sell against Ocegueda's Petition. Sell contends Ocegueda's Petition is potentially within the coverage of the policy since Ocegueda has alleged an "interest" in the Property by claiming a right to occupy the Property. (Sell's Brief Re Policy Interpretation 5:16-17.) Sell cites the Court's previous order denying Nationwide's summary judgment motion on Sell's breach of contract claim as support for this argument, and the authority cited therein. In that order, the Court cited California authority "suggest[ing] that Ocegueda's actual possession and control [of the Property] is not required before [Nationwide] owes Sell a duty to defend under the disputed provision." Sell v. Nationwide Mut. Ins. Co., No. 2:09-cv-01584-GEB-GGH, 2010 WL 4720882, at *3 (E.D. Cal. Nov. 17, 2010). However, the term "occupies" in the phrase "that a person occupies" was not analyzed in that order under California's statutory rules of contract interpretation.

Nationwide argues the determinative term in the personal and advertising injury provision is the word "occupies" in the phrase "that a person occupies;" and the word "occupies" requires an existing, present tense actual occupancy of the Property, not a future expectation of occupancy.

The word "occupies" is not defined in the insurance policy. However, the policy defines the terms "unoccupancy" and "unoccupied" as

4

follows: "'Unoccupancy' or 'unoccupied' means the condition of: . . . A 'dwelling' (except while being constructed) not being lived in; or . . . Any other building or structure (except while being constructed) not being used; even if it contains furnishings or other property customary to its intended use or occupancy." (Def.'s RJN 59.) The words "lived in" and "used" indicate that "occupy" means a person actually lived in or used a structure on the Property. Since the phrase "that a person occupies" is to be construed "in the context of the policy as a whole," St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co., 111 Cal. App. 4th at 1243, the definitions of "unoccupancy" and "unoccupied" support interpreting the phrase "that a person occupies" to require actual occupation of the Property by third-party claimant Ocegueda.

Further, a California court of appeal has defined "occupancy" as "the taking and holding possession of real property." Nichols v. Great Am. Ins. Cos., 169 Cal. App. 3d 766, 775 (1985). Another California court of appeal looked to Black's Law Dictionary to define the word "occupancy". See Martin Marietta Corp. v. Ins. Co. of N. Am., 40 Cal. App. 4th 1113, 1134 (1995). Black's Law Dictionary defines "occupancy" as "[t]he act, state, or condition of holding, possessing, or residing in or on something; actual possession, residence, or tenancy, esp. of a dwelling or land." BLACK'S LAW DICTIONARY (9th ed. 2009). These definitions also support interpreting the phrase "that a person occupies" as requiring actual occupation of the Property by third-party claimant Ocegueda.

Sell counters that construing occupancy to mean having actual possession of the Property or residing on the Property renders ambiguous and meaningless the phrase "invasion of the right of private occupation of a room, dwelling or premises" in the personal and advertising injury

5

provision. However, the "invasion" phrase connotes interference with a person occupying the Property or a person's enjoyment of that occupancy. "'Invasion of the right of private occupancy' resembles the definition of nuisance, an 'interference with the interest in the private use and enjoyment of the land.'" Martin Marietta Corp., 40 Cal. App. 4th at 1134 (quoting Wilson v. Interlake Steel Co., 32 Cal. 3d 229, 233 (1982). "Actual physical interference with land use constitutes the most obvious and common type of nuisance." Id. However, here, there is no need to determine the entire scope of the "invasion" term since Ocegueda never occupied the Property.

Lastly, if the phrase "that a person occupies" is interpreted as Sell requests--specifically, to require only a right to occupy the Property--that would render the phrase "that a person occupies" superfluous. "An interpretation of the policy that creates an ambiguity where none existed by rendering words redundant or superfluous violates all rules of construction." Mirpad, LLC, 132 Cal. App. 4th at 1073.

## IV. Conclusion

For the stated reasons, Nationwide has met its burden of establishing that there is no potential for coverage under the policy, and it is entitled to summary judgment on Sell's breach of contract claim. Therefore, judgment shall be entered in favor of Defendant in accordance with this Order and the Order filed on November 17, 2010.

Dated: January 25, 2011

GARLAND E. BURRELL, JR.
United States District Judge